IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

   Plaintiff,

   v.                                                    Case No. 2:18-cr-3001-WJ

**CHRISTOPHER HERNANDEZ MEZA**,

   Defendant.

### MEMORANDUM OPINION AND ORDER
### DISMISSING *PRO SE* MOTION FOR SENTENCE REDUCTION

**THIS MATTER** comes before the Court upon Defendant's *pro se*[1] "Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines," filed September 19, 2024 (**Doc. 42**). After reviewing the filing and applicable law, the Court finds it lacks jurisdiction to modify Meza's sentence. His request for a sentence reduction is, therefore, **DISMISSED without prejudice**.

### BACKGROUND

On May 23, 2018, Meza was charged by criminal complaint (**Doc. 1**) with both possession and distribution of child pornography. He waived his preliminary hearing, grand jury presentment, indictment in short order (**Docs. 5, 9, 14**). Then, on September 13, 2018, Meza entered into a plea agreement (**Doc. 16**) and pleaded guilty to an Information (**Doc. 12**) before a magistrate judge (**Doc. 13**). In this Rule 11(c)(1)(B) plea agreement, the United States agreed to a three-level reduction under USSG § 3E1.1(a) & (b). *See* **Doc. 16 at ¶ 10a–b**. There were no other explicit sentencing considerations.

---

[1] The Court construes *pro se* pleadings "liberally." At the same time, the Court does not act as Meza's advocate. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

1

Prior to sentencing, Probation issued a Presentence Investigation Report ("PSR") which noted the Defendant's Guideline imprisonment range was 235–293 months based on a "total offense level of 34 and a criminal history category of V." **Doc. 17 at ¶ 68**. Because the statutorily authorized maximum sentence of 20 years was less than the top end of the Guideline range, Meza's sentencing range was capped at 240 months. *Id.* (citing USSG § 5G1.1(a)). Probation then issued a Second PSR (**Doc. 19**)—removing a criminal conviction that belonged to another individual with the same name (**Doc 21**). In this Second PSR, Meza's advisory Guideline sentence was 210–240 months (given that he was now in criminal history category IV). *See* **Doc. 19 at ¶ 67**. Meza's convictions in the Second PSR amounted to seven criminal history points—with another two points being added under then-USSG § 4A1.1(d). *See id.* **at ¶¶ 44–46**. His criminal history score of nine placed him in category IV. ***Ibid.***

At the sentencing, the Court imposed a below-Guidelines sentence of 150 months imprisonment (**Doc. 41**). The reasons were explained on the record and needn't be repeated here—but were based upon the arguments of counsel in their sentencing memoranda (**Docs. 26 & 31**).

Meza now requests a sentence reduction under USSG §§ 4A1.1(d) & (e), Amendment 821, and 18 U.S.C. § 3582(c)(2). **Doc. 42**.

## DISCUSSION

**I. Law Governing Sentence Reductions**

After a judgment of conviction is entered, a district court is typically unable to modify a sentence. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). But retroactive Guideline amendments are a statutorily authorized exception to the rule. 18 U.S.C. § 3582(c)(2); *see also United States v. Price*, 44 F.4th 1288, 1294

(10th Cir. 2022) (noting "retroactive Guideline amendments" are a valid statutory reason to modify a sentence).

In the time since Meza was sentenced, the Sentencing Commission submitted proposed amendments to its Guidelines. *See* 88 Fed. Reg. 28254, 28270 (May 3, 2023). And as of November 1, 2023, those newly amended Guidelines took effect. Now pending before the Court is Meza's motion (**Doc. 42**) for a sentence reduction based on Amendment 821. *See* U.S. SENT'G GUIDELINES MANUAL AMEND. 821; *see also* 18 U.S.C. § 3582(c)(2). Amendment 821 is retroactive. But, as explained below, Meza is not eligible for such a reduction.

## II. Meza is Ineligible for a Sentence Reduction

When considering a retroactive Guidelines amendment, the Court engages in a two-step process. *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021). First, the Court must determine a defendant's eligibility for a sentence reduction—requiring a finding that the applicable Guideline range has been lowered. Second, the Court considers the § 3553(a) factors to determine whether the reduction is warranted. *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013); *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010).

There is no doubt that Amendment 821 changed criminal history calculations. But these changes are of no help for Meza.[2]

On one hand, he is correct that he was assessed two criminal history points for committing the instant offense while under a criminal justice sentence. *See* **Doc. 42 at ¶¶ 9–11**; *see also* **Doc. 19 at ¶ 45** (citing USSG § 4A1.1(d)). His criminal history score was nine. **Doc. 19 at ¶ 46**. Seven points came from convictions; and two points from the old criminal justice sentence add-on. If sentenced now, Meza's criminal history score would be eight—seven points from convictions and

---

[2] It is worth noting that, consistent with Administrative Order 23-mc-00004-22, the Federal Public Defender's Office reviewed Meza's *pro se* filing (**Doc. 43**) and declined to file a motion on his behalf.

one point from the new USSG § 4A1.1(e). Under the old Guidelines, as well as the new, he is criminal history category IV. Thus, there has been no retroactive change in his criminal history points or criminal history category. Meza's advisory Guideline range has not changed. And this means Meza is not eligible for a sentence reduction.

Plus, this Court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). All that Amendment 821 provides is that Meza could have his sentence reduced to 210 months—*i.e.*, the low-end of the Guidelines. But the below-Guidelines sentence that Meza received (150 months' imprisonment) falls below the minimum of his "amended"[3] Guideline range. This means Amendment 821 does not apply to Meza.

In sum, Amendment 821 did not change Meza's advisory Guidelines sentencing range, so this Court must dismiss the motion for lack of jurisdiction. *See United States v. McKinney*, 682 F. App'x 689, 690 (10th Cir. 2017) (unpublished) (citing *United States v. White*, 765 F.3d 1240, 1246, 1250 (10th Cir. 2014)). That is because "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [a] § 3582(c)(2) motion" based on a Guidelines amendment that did not result in a change in the prisoner's Guidelines range. *Id.*

Because the Court lacks jurisdiction to adjudicate this motion, there is no need to discuss the § 3553(a) factors.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *pro se* Motion (**Doc. 42**) for a sentence reduction is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

---

[3] The use of amended here is inaccurate—which is the reason for the quotations. That being said, the Court understands why Meza thinks there was a change: his criminal history score is lower. But even with lower his criminal history score, his criminal history category remains the same. This means that his Guidelines range was not, in fact, amended.

**IT IS SO ORDERED**.

/s/  
WILLIAM P. JOHNSON  
CHIEF UNITED STATES DISTRICT JUDGE